UNITED STATES DISTRICT COURT
for the
Southern District of Indiana
**INDIANAPOLIS DIVISION**

FILED
OCT 06 2025
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA
ecq

|  |  |
|---|---|
| **PHILIP OKEY, Manager PLUMP MONKEY FARM LLC** | ) |
| Plaintiff, | ) |
| v. | ) |
| **INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;** | ) |
| **CONSOLIDATED CITY OF INDIANAPOLIS;** | ) |
| **MARK SIMION / TRADE MARK CUSTOM HOMES;** | ) |
| **JOHN DOES 1-3 (MDC Officials),** | ) |
| Defendants. | ) |
| **Case No.:** | ) |
| 1:25-cv-02031-SEB-KMB | |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983; Fifth and Fourteenth Amendments)
AND MOTION FOR TEMPORARY RESTRAINING ORDER

**JURY TRIAL DEMANDED**

## Introduction

1. This is a civil rights action under 42 U.S.C. § 1983 for violations of Plaintiff's substantive due process and property rights under the Fifth and Fourteenth Amendments. Defendants, acting under color of state law, intentionally flooded and restricted access to Plaintiff's property at 6220 E. Southport Rd., Indianapolis, IN 46259 (the "Property"), causing ongoing economic harm, loss of business, destruction of treasured old-growth trees, preventing development of a graded site in the back for erection of a planned pole barn dedicated to storage and workshop space for both the farm entity and the leased space storage for the industrial contracting company, and necessitating costly mitigation such as raising the building site by 3 feet due to disrupted natural drainage.

2. The Property is zoned DA (Agricultural) and D1 under Marion County zoning ordinances, which exempt minor grading (under 10 inches) as "landscaping" requiring no permit. Despite this, the MDC sued Plaintiff for lawful dirt placement to restore access, while permitting the Developer's flooding.

3. These actions constitute arbitrary, irrational government conduct depriving Plaintiff of property without due process and effecting an uncompensated taking. Harm continues as of September 2024, with recent regrading by the Developer maintaining the flood.

4. The City of Indianapolis and MDC have a policy or custom of predatory enforcement and malicious prosecution in zoning matters, as evidenced by other instances, including the City's lawsuit against a local family for backyard patio violations, resulting in threats of hundreds of thousands in fines and legal bills before settling for minor adjustments and $2,000.

5. Plaintiff seeks a temporary restraining order (TRO) under Fed. R. Civ. P. 65(b) to enjoin any City agency, including but not limited to the Health & Hospital Corporation of Marion County, Indianapolis Code Enforcement, and Department of Business & Neighborhood Services, from initiating or pursuing enforcement actions against the Property to preclude retaliatory enforcement, given the City's demonstrated pattern and prior malicious prosecution.

## Jurisdiction and Venue

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331, as this action arises under the U.S. Constitution and 42 U.S.C. § 1983. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state claims (nuisance and malicious prosecution under Indiana common law).

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events occurred in this District (Marion County, Indiana).

## Parties

8. Plaintiff Philip S. Okey, Manager: Plump Monkey Farm LLC is an individual residing in Marion County, Indiana. Plaintiff owns the Property, used for a farm and an industrial contracting company with leased storage space.

9. Defendant Indianapolis Metropolitan Development Commission is a municipal entity in Marion County, Indiana, responsible for zoning enforcement and drainage oversight under Ind. Code § 36-7-4.

10. Defendant Consolidated City of Indianapolis is the municipal government overseeing the MDC and other agencies, liable for its policies and customs.

11. Defendant Mark Simion is a developer doing business in Marion County, Indiana, that owns adjoining property and caused the flooding.

12. Defendants John Does 1-3 are unknown MDC officials who enforced zoning against Plaintiff while ignoring the Developer's actions.

## Factual Allegations

13. In 2016, the Developer, with MDC approval, filled in a lake on the adjoining property, removing a causeway (a dirt drive) to the back of the Property. This removed 700-1,000 tons of dirt from Plaintiff's Property.

14. The Developer then raised the adjoining property's elevation several inches above the Property's ditch banks using an impervious clay mixture, intentionally blocking water flow and causing perpetual flooding of the middle third of the Property (approximately 2/3 acre). The surrounding topsoil remains saturated and impassable except by footpath.

15. Additionally, the Developer raised the elevation at the back end of the Property, causing flooding in the area holding materials and necessitating Plaintiff to raise the building site by 3 feet to allow for proper drainage to the back instead of to the side adjoining the Developer's property, as the natural flow would allow. This mitigation project is partially completed, incurring significant costs and further restricting Property use.

16. Plaintiff responded by importing ~60 tons of dirt to fill the causeway gap and create a passable drive, raising elevation by less than 10 inches—permitted as "landscaping" under Marion County ordinances (no permit required) and exempt in DA zoning.

17. Immediately, the MDC sued Plaintiff in Marion County Superior Court (Case No. 49D04-1505-OV-014579) for this dirt placement, seeking removal. The MDC ignored the Developer's drainage changes and flooding, colluding to perpetuate the harm. This suit lacked probable cause and was pursued with malice, as part of the City's pattern of predatory enforcement.

18. The flooding has killed over a dozen old-growth trees treasured by Plaintiff.

19. Access restrictions have caused business failures and prevented access to the back of the Property, including a graded site intended for erection of a planned pole barn. This pole barn was dedicated to storage and workshop space for both the farm entity and the leased space storage for the industrial contracting company, representing a key expansion for operations.

20. For example, in 2017, Plaintiff could not retrieve an oil-fired boiler for a micronutrient fertilizer plant job in southern Illinois. A borrowed 4-wheel-drive tractor got stuck retrieving it, requiring two heavy-duty wreckers at ~$3,000 cost. Plaintiff was forced to hire local to job (out of state) tank cleaning service at an additional ~$4,200, lost a valuable customer, and completed the job at a debt loss. This is one of many such incidents that can be provided to the court upon request.

21. The inability to access and develop the back graded site has further frustrated business growth, as the pole barn would have provided essential covered storage for tools, equipment, capital equipment, and materials, avoiding weather damage and improving efficiency.

22. The Developer maintains the flooding: As recently as September 2024, it regraded with a skid steer and power rake, elevating the area and preventing natural erosion/drainage.

23. These actions are ongoing, irrational, and lack legitimate government purpose, violating Plaintiff's rights.

24. The City and MDC's policy or custom of predatory zoning enforcement and malicious prosecution is further shown in cases like their pursuit of excessive fines against residents for minor improvements, such as the Peck family's backyard patio dispute, where the City alleged multiple violations leading to potential massive penalties before settlement.

25. Given this pattern and the prior malicious prosecution (Case No. 49D04-1505-OV-014579), Plaintiff faces a reasonable expectation of retaliatory enforcement by City agencies, including but not limited to the Health & Hospital Corporation of Marion County, Indianapolis Code Enforcement, and Department of Business & Neighborhood Services, which threatens further irreparable harm to the Property's use and Plaintiff's livelihood.

## First Claim: Substantive Due Process Violation (42 U.S.C. § 1983)

26. Plaintiff incorporates paragraphs 1-25.

27. The MDC, City, and Developer, under color of state law (MDC's zoning authority; Developer's joint action), arbitrarily enforced zoning against Plaintiff's minor, permitted grading while ignoring the Developer's unpermitted flooding—a "fundamental" property interest. The City's policy/custom caused this violation.

28. This shocks the conscience: Intentional, collusive creation of a perpetual flood serves no rational purpose, causing economic ruin (including blocked pole barn development and costly site raising), emotional distress, and lost business opportunities.

29. Plaintiff has a protected property interest in the Property's use (business access, enjoyment, and development) under Indiana law and the DA zoning exemption.

30. Defendants deprived Plaintiff of this interest without due process, in violation of the Fourteenth Amendment (incorporated via § 1983).

## Second Claim: Takings Without Just Compensation (42 U.S.C. § 1983)

31. Plaintiff incorporates paragraphs 1-25 and 26-30.

32. The permanent flooding constitutes a physical taking of the Property's middle section (2/3 acre aproximately, rendered unusable), back graded site, and materials storage area, invading and destroying value (dead trees, lost business, prevented pole barn construction, disrupted natural drainage).

33. No compensation was provided, violating the Fifth Amendment (via Fourteenth).

## Third Claim: Civil Conspiracy (42 U.S.C. § 1983)

34. Plaintiff incorporates paragraphs 1-25 and 26-33.

35. The MDC, City, and Developer conspired (agreement + overt acts) to flood and restrict the Property for the Developer's benefit, using state authority to shield violations and prevent Plaintiff's development.

36. This deprived Plaintiff of constitutional rights under color of law.

## Fourth Claim: Nuisance (Supplemental State Law Claim)

37. Plaintiff incorporates paragraphs 1-25.

38. Under Indiana common law, the Developer's flooding (including back elevation raise disrupting natural flow) is a private nuisance: Substantial, unreasonable interference with Property use (flooding, access block, prevented pole barn, materials damage), continuing to present.

39. The MDC and City are liable for aiding/abetting as state actors.

## Fifth Claim: Malicious Prosecution (Supplemental State Law Claim)

40. Plaintiff incorporates paragraphs 1-25.

41. The MDC and City instituted proceedings against Plaintiff (Case No. 49D04-1505-OV-014579) without probable cause and with malice, as the grading was exempt and the suit ignored similar Developer actions.

42. The proceedings terminated in Plaintiff's favor causing unnecessary harm, resulting in damages including legal costs and business interference, consistent with the City's pattern of malicious prosecutions.

## Motion for Temporary Restraining Order

43. Plaintiff incorporates paragraphs 1-25.

44. Pursuant to Fed. R. Civ. P. 65(b), Plaintiff requests a temporary restraining order enjoining the City of Indianapolis, its agencies (including but not limited to the Health & Hospital Corporation of Marion County, Indianapolis Code Enforcement, and Department of Business & Neighborhood Services), and their agents from initiating or pursuing any enforcement actions against the Property at 6220 E. Southport Rd., Indianapolis, IN 46259, pending resolution of this action.

45. Plaintiff faces immediate and irreparable harm absent a TRO, including further business losses, disruption of the partially completed site raising, and inability to develop the pole barn, compounded by the reasonable expectation of retaliatory enforcement given the City's pattern of predatory actions and prior malicious prosecution (Case No. 49D04-1505-OV-014579), and prior Verified Motion to Correct Errors In the marion Superior Court that included a emergency restraining order including the Marion County Sheriffs Department and IMPD acting on behalf of a city code enforcement agency.

46. Plaintiff is likely to succeed on the merits of the § 1983 claims, as the Defendants' actions lack rational basis, violate due process, and constitute a taking without compensation.

47. The balance of equities favors Plaintiff, as the City faces no harm from refraining from enforcement, while Plaintiff faces ongoing economic ruin. The public interest supports preventing unconstitutional retaliation.

48. Plaintiff certifies that this motion is filed in good faith and that notice will be provided to Defendants as required, or ex parte relief is justified due to immediate harm.

## Relief Requested

Plaintiff demands: a. Compensatory damages of at least $1,000,000 from the MDC, City, and Developer, jointly and severally (lost jobs, costs, tree value, lost pole barn development opportunity, site raising expenses, materials damage, emotional distress, pattern-aggravated harms); b. Punitive damages from the Developer for intentional and willful misconduct in causing and maintaining the flooding; c. A temporary restraining order enjoining the City of Indianapolis and its agencies (including but not limited to the Health & Hospital Corporation of Marion County, Indianapolis Code Enforcement, and Department of Business & Neighborhood Services) from initiating or pursuing enforcement actions against the Property at 6220 E. Southport Rd., Indianapolis, IN 46259; d. Injunctive relief: Order Defendants to restore drainage, to a point at the property line 1" below the undisturbed clay base located 10' into the property located at 6220 to allow for full and complete drainage of top soil layer. (including correcting back elevation), remove barriers, cease regrading, and permit access for pole barn construction and completion of site raising; e. Declaratory judgment that Defendants' actions and the City's policy/custom of predatory enforcement violate the Constitution; f. Attorney fees/costs under 42 U.S.C. § 1988 (if applicable pro se), including enhanced awards for the pattern of misconduct; g. Pre- and post-judgment interest; h. Trial by jury; i. Other relief as just, including any court-imposed sanctions for ongoing predatory practices.

**Dated: October 02, 2025**

**Philip Okey, Manager Plump Monkey Farm LLC**

_____

6220 E. Southport Rd.
Southport, IN 46237
317-719-6220 (cell, preffered), 317-300-4794 (office)
psokey@gmail,com
Plaintiff, Pro Se

## Certificate of Service

I certify that on 06 October, 2025, I served this Complaint on Defendants via US Mail at

Mark Simion

6902 Highland Ridge Ct.

Indianapolis, IN 46237

Metropolitan Development Corporation / Indianapolis Department of Corporation Counsel

200 E. Washington St. Suite 1601

Indianapolis, IN 46204

_____

**Philip Okey, Manager Plump Monkey Farm LLC**