UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILIP SCOTT OKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-02031-SEB-KMB |
| | ) |
| INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION, CONSOLIDATED CITY OF INDIANAPOLIS, MARK SIMION, JOHN DOES 1-3, CARL MARK SIMION, TRADEMARK CUSTOM HOMES, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Philip Scott Okey, proceeding *pro se*, has filed a Motion for Temporary Restraining Order [Dkt. 14] "to halt [Health and Hospital Corporation]/Department of Business and Neighborhood Services (DBNS) seizures and enforcement actions, and all City retaliation, and to vacate the August 27, 2024 emergency clean-and-lien order executed on February 20, 2025 by temporary Magistrate Travis Standifur in Marion Superior Court." Dkt. 14 at 1 (emphasis removed). For the following reasons, Plaintiff's Motion is DENIED.

When deciding whether to issue a TRO, the Court applies the same standard as it does to a motion for preliminary injunction. A party seeking a preliminary injunction "must make a threshold showing that: (1) absent preliminary injunctive relief, he will

1

suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015).  If the moving party fails to demonstrate any one of these three threshold requirements, the injunctive relief must be denied.  *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States, Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). However, if these threshold conditions are met, the Court must then assess the balance of the harm – the harm to Plaintiffs if the injunction is not issued against the harm to Defendants if it is issued – and determine the effect of an injunction on the public interest.  *Id.*  "The more likely it is that [the moving party] will win its case on the merits, the less the balance of harms need weigh in its favor." *Id.* at 1100.

   Here, Plaintiff has not shown his entitlement to the extraordinary relief of a TRO. Beyond citing various legal buzzwords, Plaintiff has failed to present any developed argument sufficient to allow the Court to find that he has any likelihood of success on the merits of his claims.  More importantly, the crux of the relief Plaintiff seeks is the stay of ongoing state judicial and administrative proceedings against him.  However, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must "refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017).  Exercising *Younger* abstention is appropriate where, as here, "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist" and the state court proceedings "are initiated

before any proceedings of substance on the merits have taken place in the federal court."

*Id.* For these reasons, Plaintiff's Motion for Temporary Restraining Order is <u>DENIED</u>.

    IT IS SO ORDERED.

Date:      11/17/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PHILIP SCOTT OKEY
6220 E. Southport Rd.
Southport, IN 46237

Conor Lee Delehanty
Hoover Hull Turner, LLC
cdelehanty@hooverhullturner.com

Riley H. Floyd
Hoover Hull Turner LLP
rfloyd@hooverhullturner.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov

Sterling Satterfield
Office of Corporation Counsel
t.sterling.satterfield3@indy.gov

3