UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

(Appeal from S.D. Ind. No. 1:25-cv-02031-SEB-KMB)

No. 25-_____

PHILIP S OKEY,

Plaintiff,

v.

INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;
CONSOLIDATED CITY OF INDIANAPOLIS;
MARK SIMION / TRADE MARK CUSTOM HOMES;
JOHN DOES 1-3 (Indianapolis / Marion County Officials),

Defendants.

**FILED**
**11/25/2025**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Fed. R. App. P. 8(a)(2) & 28 U.S.C. § 1292(a)(1)

Appeal from U.S. District Court, S.D. Ind.

Hon. Sarah Evans Barker

RELIEF REQUESTED

Immediate injunction staying all current and future state or administrative enforcement proceedings against Appellant or the property at 6220 E. Southport Rd., including but not

limited to Cause No. 49D33-2505-OV-016587 and DBNS VIO25-008234.

I. Likelihood of Success on the Merits

The district court committed two independently reversible errors:

Applying Younger abstention without addressing the bad-faith/harassment exception (Mitchum v. Foster, 407 U.S. 225 (1972); Mulholland v. Marion Cnty. Election Bd., 746 F.3d 811 (7th Cir. 2014); Ewell v. Toney, 853 F.3d 911 (7th Cir. 2017)).

Finding "no likelihood of success" on a fully pleaded retaliation/Monell claim (Geinosky v. City of Chicago, 675 F.3d 743 (7th Cir. 2012); Van Dyke v. Village of Alsip, 974 F.3d 758 (7th Cir. 2020)).

II. Irreparable Harm – Immediate and Catastrophic

Execution of any pending or threatened order will destroy the remaining $1,000,000+ in capital assets, equipment,

materials, and inventory stored beyond the swamp.

Specific harms that have occurred after the TRO denial:

November 17, 2025: third-party customer filed $85,000 lawsuit (Exhibit A)

Late October 2025: Simion removed three permanent fence panels, creating unfettered rear-yard access (Exhibit B)

September 25, 2025: DBNS opened a new, parallel enforcement action (VIO25-008234) for conditions already adjudicated and remedied under the prior Sandifur-M order. Among the items DBNS now demands be removed is equipment labeled "Hydraulic Oil Purifier."

Only three people on earth ever knew this unit had been converted into a portable steam-distillation unit: Plaintiff and two of his associates. None of them told anyone at HHC or DBNS.

The only plausible source of this non-public information is former HHC officer Joseph Tobin, who personally directed the February 20, 2025 seizure, learned the conversion directly from Plaintiff on site, and abruptly left HHC

employment at or around the exact time the new DBNS case was opened.

This is direct evidence of ongoing inter-agency coordination, information-sharing, and successive punitive enforcement designed to evade federal oversight. (Exhibit C)

Magistrate Travis Sandifur-M issued the original emergency clean & lien order and personally presided over the November 18, 2025 "bench trial" confirming his own order (Exhibit D).

III. Balance of Equities and Public Interest

Defendants face zero harm from a brief stay. The public interest demands an immediate stop to proven municipal retaliation and private-party coordination aimed at the total destruction of a citizen's livelihood.

IV. Relief Requested

Immediate injunction staying all current and future enforcement proceedings against Appellant or the property

pending appeal, or an administrative stay until the full panel rules.

Respectfully submitted November 24, 2025



Philip Scott Okey, pro se

6220 E. Southport Rd.

Indianapolis, IN 46237

317-719-6220 | psokey@gmail.com

Certificate of Service - served via email this date on all counsel and the Clerk of Marion Superior Court.

Attachments

Exhibit A - $85,000 third-party lawsuit

Exhibit B - Fence-removal photos + Rule 15(d) notice

Exhibit C - DBNS Violation Notice VIO25-008234 (Sept 25, 2025)

Exhibit D - Marion Superior CCS showing Magistrate Travis Sandifur-M