UNITED STATES DISTRICT COURT
for the Southern District of Indiana
**INDIANAPOLIS DIVISION**

FILED
JAN 09 2026
U.S. CLERK'S OFFICE
INDIANAPOLIS INDIANA

**PHILIP S OKEY, Pro Se** )
Plaintiff, )
)
v. )
)
**INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;** )
**CONSOLIDATED CITY OF INDIANAPOLIS;** )
**MARK SIMION / TRADE MARK CUSTOM HOMES;** )
**JOHN DOES 1-3 (Indianapolis/Marion County Officials),** )
Defendants. )

Case No.: 1:25-cv-02031-SEB-KMB

## PLAINTIFF'S FURTHER SUPPLEMENTAL NOTICE IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY INJUNCTION (Dkt. 32)

Plaintiff Philip S. Okey, pro se, respectfully submits this further supplement to the Renewed Motion for Preliminary Injunction [Dkt. 32], building on prior supplements regarding the state court's deferral of the stay motion and related developments. This filing provides details on the state court's recent denial of Plaintiff's motion to close the January 20, 2026 compliance hearing to the public, confirming ongoing irreparable harm and bad-faith enforcement.

1. As previously noted, the state court deferred ruling on Plaintiff's stay motion until the January 20, 2026 compliance hearing, allowing enforcement to continue despite this federal actio

2. On January 10, 2026, Plaintiff filed a motion in the state enforcement case (Marion Superior Environmental Division, Cause No. 49D33-2505-OV-016587) to close the January 20, 2026 hearing to the public, citing risks to safety, facilitation of de-escalation, and protection of sensitive information from negative public impact.

3. On January 8, 2026, Magistrate Travis Sandifnr denied the motion without explanation, ensuring the hearing remains open to the public.

4. This denial exacerbates irreparable harm by exposing sensitive details of Plaintiff's property layout, business operations, personal assets, and compliance efforts to public scrutiny, which could invite further harassment, retaliation, or misuse of information amid the allegations of coordination with private interests and increased external attention (including legislative review of similar practices).

5. The denial, combined with the prior deferral and systematic deprivation of equipment, confirms the bad-faith exception to Younger abstention (*Mitchum v. Foster*, 407 U.S. 225 (1972); *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017)).

Plaintiff respectfully requests the Court consider this supplement in ruling on the renewed motion for preliminary injunction and grant immediate relief to prevent further irreparable injury.

Dated: January 9th, 2026

Philip S. Okey, pro se

6220 E. Southport Rd.
Indianapolis, IN 46237
317-719-6220 | psokey@gmail.com

**Certificate of Service**

I certify that on 9th of January, 2026 I served this Motion and Proposed Order on all counsel of record via email as follows:

Riley L. Floyd (Counsel for Defendant Mark Simion)
rfloyd@hooverhullturner.com
Cherish Davis
CHDAVIS@hhcorp.org
Michael Wehrwein
MWEHRWEIN@hhcorp.org
jahlbrand@HHCorp.org
DLAW@hhcorp.org
Rayman, Mathew
mathew.rayman2@indy.gov
Satterfield, Sterling
sterling.satterfield@indy.gov
cdelehanty@hooverhullturner.com

_\[signature\]_
Philip S. Okey
January 9th, 2026

**Attachment "A"**: Copy of State Court Motion to Close Hearing and Denial Order (January 8th, 2026).

**Attachment "B"**: Copy of State Court memorandum in support of closure (January 8th, 2026)

1/8/2026 10:33 AM

ATTACHMEN "A"

DENIED
January 8, 2026
TS

IN THE MARION SUPERIOR COURT

ENVIRONMENTAL DIVISION

MARION COUNTY, INDIANA

**FILED**

�223  JAN 0 8 2026

*Katherine Sweeney Bell*
CLERK OF THE MARION CIRCUIT COURT

HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY,

Plaintiff,

v.

Cause No. 49D33-2505-OV-016587

PLUMP MONKEY FARM LLC,

Defendant.

**DEFENDANT'S MOTION TO CLOSE JANUARY 20, 2026 HEARING TO THE PUBLIC**

Comes now Defendant Philip S. Okey, pro se (as manager of Plump Monkey Farm LLC), and respectfully moves the Court to close the January 20, 2026 compliance hearing to the public pursuant to Indiana Code 5-14-1.5-6.1 and Indiana Trial Rule 76, and states as follows:

1. This matter involves ongoing code enforcement actions that have become highly contentious, resulting in parallel federal civil-rights litigation (U.S.

page 1

District Court, SDIN, Case No. 1:25-cv-02031-SEB-KMB) alleging selective and retaliatory enforcement.

2. The January 20, 2026 hearing will involve discussion of sensitive details regarding Defendant's property layout, business operations, personal assets, health issues, and compliance efforts.

3. Public access to the hearing poses a substantial risk of exacerbating harassment, retaliation, or misuse of information, particularly given the allegations of coordination with private interests and increased external attention on similar municipal practices.

4. Closure would facilitate candid discussion of compliance and potential resolution, aligning with Plaintiff's prior indications of willingness to work toward compliance without immediate penalties, while protecting the parties from unnecessary public controversy.

5. The public interest in open proceedings is outweighed by these compelling interests, and closure is narrowly tailored to this single hearing.

WHEREFORE, Defendant respectfully requests the Court grant this motion, close the January 20, 2026 hearing to the public, and grant all other just and proper relief.

ATTACHMENT "B"

IN THE MARION SUPERIOR COURT

ENVIRONMENTAL DIVISION

MARION COUNTY, INDIANA

HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY,

Plaintiff,

v.

Cause No. 49D33-2505-OV-016587

PLUMP MONKEY FARM LLC,

Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO CLOSE JANUARY 20, 2026 HEARING TO THE PUBLIC**

Defendant Philip S. Okey, pro se (as manager of Plump Monkey Farm LLC), respectfully submits this memorandum in support of the Motion to Close the January 20, 2026 Compliance Hearing to the Public, pursuant to Indiana Code 5-14-1.5-6.1 (Open Door Law exceptions) and Indiana Trial Rule 76 (public access to proceedings), and states as follows:

**I. INTRODUCTION**

This case has evolved into a highly contentious matter involving allegations of selective

and retaliatory code enforcement, which has led to parallel federal civil-rights litigation (U.S. District Court, SDIN, Case No. 1:25-cv-02031-SEB-KMB). The ongoing state proceedings, including the January 20, 2026 compliance hearing, involve sensitive details about Defendant's property, business operations, and personal safety that, if publicized, could exacerbate harm and hinder de-escalation efforts. Closure is necessary to protect these interests while preserving the integrity of the process.

## II. LEGAL STANDARD

Under Indiana Code 5-14-1.5-6.1(b), courts may close hearings if public access would pose a substantial threat to the safety of individuals or property, or if necessary to discuss strategy in litigation. Additionally, Indiana Trial Rule 76(A) allows exclusion of the public from proceedings when there is a compelling interest outweighing public access, such as preventing harassment or undue prejudice. Closure must be narrowly tailored and supported by specific findings (IC 5-14-1.5-6.1(e)).

## III. ARGUMENT

A. **Public Access Poses a Substantial Threat to Defendant's Safety and Property**

The state proceedings have involved escalating enforcement actions, including forced inspections and potential seizures, amid allegations of coordination with private developers. Public attendance at the hearing risks further harassment or retaliation, as the case has already attracted attention due to the federal litigation. For example, prior

enforcement has resulted in the loss of essential equipment (e.g., cranes and tractors), stripping Defendant's ability to comply or operate. Closure prevents exploitation of sensitive details (e.g., property layout, business assets) that could endanger Defendant, the property, and business/customer relationships.

B. **Closure Facilitates De-Escalation and Litigation Strategy Discussion**

Plaintiff has indicated a willingness to "work with" Defendant on compliance without immediate penalties, suggesting potential for resolution. A closed hearing allows candid discussion of strategy and settlement without public scrutiny that could harden positions or invite external interference. This aligns with IC 5-14-1.5-6.1(b)(2)(B) for discussing litigation strategy. The hearing's focus on compliance updates and potential orders makes closure narrowly tailored, as it does not involve broad public policy but private enforcement details.

C. **Closure Protects Sensitive Information and Facilitates Resolution Without Negative Public Impact**

The proceedings involve detailed discussion of enforcement actions, property conditions, and compliance efforts that, if publicized, could divulge information with potential negative impact on the City and Health and Hospital Corporation's public relations. With increased attention on this matter — including ongoing federal litigation and legislative review of similar municipal practices — a closed hearing allows candid

resolution without external amplification of sensitive details. This serves the interests of all parties and the public by promoting efficient compliance while avoiding unnecessary controversy.

### D. The Public Interest in Access is Outweighed and Closure is Narrowly Tailored

While courts favor open proceedings, the threat to safety and need for de-escalation outweigh access here. No broader public interest is at stake, as the case involves individual enforcement. Closure is limited to this single hearing and is the least restrictive means to protect interests.

## IV. CONCLUSION

For the foregoing reasons, Defendant requests the Court grant the motion and close the January 20, 2026 hearing to the public, and for all other just and proper relief.

Dated: January 8th, 2026

*/s/ Philip S. Okey*

Philip S. Okey, pro se
6220 E. Southport Rd.
Indianapolis, IN 46237
317-719-6220 | psokey@gmail.com

### Certificate of Service

I certify that a true copy was served via email on all counsel of record on January 8th, 2026.

CHDAVIS@hhcorp.org
MWEHRWEIN@hhcorp.org
jahlbrand@HHCorp.org
DLAW@hhcorp.org

Philip S. Okey

Dated: January 8th, 2026

Philip S. Okey, pro se
6220 E. Southport Rd.
Indianapolis, IN 46237
317-719-6220 | psokey@gmail.com

## Certificate of Service

I certify that a true copy was served on all counsel of record via email on January 8th, 2026.

CHDAVIS@hhcorp.org
MWEHRWEIN@hhcorp.org
jahlbrand@HHCorp.org
DLAW@hhcorp.org

Philip S. Okey