UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILIP SCOTT OKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:25-cv-02031-SEB-KMB |
| | ) |
| INDIANAPOLIS METROPOLITAN | ) |
| DEVELOPMENT COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court is Defendants' Motion to Require Counsel or Dismiss[1] [Dkt. 36]. Plaintiff Phillip Scott Okey, proceeding *pro se*, brings this action against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his due process and equal protection rights in violation of his Fifth and Fourteenth Amendment rights. Specifically, Mr. Okey alleges that Defendants, in arbitrarily enforcing zoning ordinances and conspiring to intentionally flood the property located at 6220 E. Southport Road in Indianapolis (the "Property"), have engaged in behavior that "shocks the conscience," unfairly singled him out, and effected a taking of his property without just compensation. However, although Mr. Okey alleges that he is the owner of the Property in question,

---

[1] Although Defendants' motion was filed prior to the Court's granting of Plaintiff's motion to amend his complaint and was thus directed at the original complaint filed in this action, Defendants made clear in their briefing that their arguments in support of dismissal applied equally to Plaintiff's proposed amended complaint, which is now the operative complaint. Because Plaintiff had an opportunity in two sur-replies to fully respond to Defendants' arguments directed at his proposed amended complaint, no additional briefing of Defendants' motion is necessary.

1

public records of which we are permitted to take judicial notice establish that the owner of the Property is not Mr. Okey, but Plump Monkey Farm LLC ("Plump Monkey Farm"), a separate legal entity.

In support of dismissal, Defendants argue that, as currently pled, the constitutional claims alleged by Mr. Okey in the amended complaint are all based on actions allegedly taken against Property that is owned solely by Plump Monkey Farm, not by Mr. Okey in his individual capacity. Mr. Okey also appears to challenge in this lawsuit past and present ordinance violation proceedings against the Property brought in state court, all of which proceedings were asserted against Plump Monkey Farm, as the owner of the Property, not against Mr. Okey as an individual. We agree with Defendants that, to the extent that Mr. Okey is attempting to bring these claims on behalf of Plump Monkey Farm and to represent the LLC *pro se*, he is not permitted to do so as Seventh Circuit law is clear that LLCs are entitled to litigate in federal court only when represented by an attorney. *See 1756 W. Lake Street LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015) ("[A] limited liability company, like a corporation, cannot litigate pro se or be represented in the litigation by a nonlawyer.").

Mr. Okey maintains that he is not attempting to represent Plump Monkey Farm but instead is pursuing his constitutional claims individually based on his "interest in the [P]roperty as sole member of the LLC," an interest which he claims is confirmed by the "property card," (Dkt. 44 at ¶¶ 2–3). However, the property card lists the owner of the Property as "PLUMP MONKEY FARM LLC" and contains no reference to Phillip Okey or his interest in either the LLC or the Property. *See* Dkt. 37. Thus, insofar as Mr. Okey

2

is alleging claims based on his ownership of the Property, he cannot pursue such claims individually given that he does not own the Property and that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relieve on the legal rights or interests of third parties." *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). To the extent that Mr. Okey seeks to vindicate a cognizable property interest he may have in the Property apart from ownership, he has not adequately developed such theories in the amended complaint.

For these reasons, Defendants' Motion to Require Counsel or Dismiss is <u>GRANTED</u> and Plaintiff's amended complaint is <u>DISMISSED WITHOUT PREJUDICE</u>. We hereby provide Plaintiff an opportunity to file a second amended complaint that resolves the deficiencies cited in this entry, if possible. If Plaintiff chooses to file a new complaint, he must include sufficient facts in the complaint to support a plausible inference that Defendants have caused *him* personally a legally cognizable injury apart from any injury Plump Monkey Farm as the owner of the Property may have suffered. Alternatively, if Plump Monkey Farm is the real party in interest, to proceed, Plump Monkey Farm must obtain an attorney and have that attorney enter his or her appearance to represent it in this matter. **If no new complaint is filed within twenty-one (21) days of the date of this order, we will dismiss this lawsuit with prejudice, meaning, it will be over for good.**

Finally, Plaintiff's Renewed Motion for Preliminary Injunction [Dkt. 58], Motion for Expedited Ruling on Renewed Motion for Preliminary Injunction and Status Report [Dkt. 66], Supplemental Motion for Preliminary Injunction [Dkt. 67], and Supplemental

Emergency Motion for Preliminary Injunction [Dkt. 76] are all <u>DENIED</u>.  As Plaintiff has previously been instructed, we are unable to provide the relief he requests because the injunctive relief he seeks relates to administrative proceedings that have been brought against Plump Monkey Farm as the sole owner of the Property, not against Mr. Okey as an individual.

      IT IS SO ORDERED.

Date: _____2/25/2026_____      _____
                                                                      SARAH EVANS BARKER, JUDGE
                                                                      United States District Court
                                                                      Southern District of Indiana

Distribution:

PHILIP SCOTT OKEY
6220 E. Southport Rd.
Southport, IN 46237

Conor Lee Delehanty
Hoover Hull Turner, LLC
cdelehanty@hooverhullturner.com

Riley H. Floyd
Hoover Hull Turner LLP
rfloyd@hooverhullturner.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov