**UNITED STATES DISTRICT COURT**
for the Southern District of Indiana
**INDIANAPOLIS DIVISION**

FILED

MAR 17 2026  *pH*

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| **PHILIP S OKEY, Pro Se** | ) |
| Plaintiff, | ) |
| v. | ) |
| **INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;** | ) |
| **CONSOLIDATED CITY OF INDIANAPOLIS;** | ) |
| **(including its Department of Business and Neighborhood Services),** | ) |
| **HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY** | ) |
| **MARK SIMION / TRADE MARK CUSTOM HOMES;** | ) |
| **JOHN DOES 1-3 (Indianapolis/Marion County Officials),** | ) |
| Defendants. | ) |

**Case No.: 1:25-cv-02031-SEB-KMB**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT SECOND MOTION TO REQUIRE COUNSEL OR DISMISS (Dkt. 97)**

Plaintiff Philip S. Okey, pro se, opposes Defendants' Joint Second Motion to Require

Counsel or Dismiss. The motion is meritless, moot, and an obvious attempt to delay

discovery and evade accountability for the pattern of unconstitutional conduct detailed

in the operative Second Amended Complaint.

1. The Court already granted leave to file the Second Amended Complaint (Dkt. 88-

1, now the operative pleading). That complaint pleads harms personally to me as the

1 / 4

sole owner, sole investor, and only individual who contributed capital, labor, and value to the LLC. Every loss flows directly to me.

2. The 7th Circuit cases cited by Defendants (Hagerman, 1756 W. Lake Street LLC) apply when an LLC asserts corporate claims pro se. Here, I assert individual constitutional injuries (takings, due process, retaliation, nuisance) under 42 U.S.C. § 1983. These are not derivative corporate claims; they are personal harms that pass through to me as the sole injured party.

3. The motion ignores the personal losses detailed throughout the Second Amended Complaint and prior supplementals (customer equipment, generator, fabric inventory, time, emotional distress as a veteran, and permanent violation of Plaintiff's farm charter). These are not LLC claims; they are Plaintiff's claims.

4. Additionally, the $70,000 high-interest bridge loan and the resulting 51% ownership transfer in the LLC were incurred solely because of Defendants' coercive enforcement actions. These are new, personal harms to me that are distinct from and in addition to the harms previously alleged. Because of the systematic destruction of the farm's business plans over the years, there is virtually no possibility that profits from any future farming enterprise can ever hope to recoup the $70,000 plus loss. The loan and ownership dilution were forced upon me to attempt compliance with Defendants' demands, violating my long-held personal and philosophical beliefs against debt and encumbrances.

5. Defendants' request to stay all deadlines is an attempt to freeze this case while the March 20, 2026 cleanup deadline (now temporarily stayed in state court) and irreparable harm continue to loom. Good cause does not exist for such a stay.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Deny Defendants' Joint Second Motion to Require Counsel or Dismiss in its entirety;

b. Deny the request to stay deadlines;

c. Expedite consideration of the Renewed Motion for Preliminary Injunction (Dkt. 93); and

d. Grant all other just and proper relief.

Respectfully submitted,

Philip S. Okey, pro se
6220 E. Southport Rd.
Indianapolis, IN 46237
317-719-6220 | psokey@gmail.com

Dated: March 17, 2026

## Certificate of Service

I certify that on the 17th of March, 2026 I served this **PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT SECOND MOTION TO REQUIRE COUNSEL OR DISMISS (Dkt. 97)** on all counsel of record via email and CM/ECF as follows:

Riley L. Floyd (Counsel for Defendant Mark Simion)
rfloyd@hooverhullturner.com
Michael Wehrwein
MWEHRWEIN@hhcorp.org

jahlbrand@HHCorp.org
DLAW@hhcorp.org
Rayman, Mathew
mathew.rayman2@indy.gov
cdelehanty@hooverhullturner.com

Philip S. Okey
17th of March,2026