## UNITED STATES DISTRICT COURT

### for the Southern District of Indiana
### INDIANAPOLIS DIVISION

FILED

MAR 25 2026 DH

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| **PHILIP S OKEY, Pro Se** | ) |
| Plaintiff, | ) |
| | |
| v. | ) |
| | |
| **INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;** | ) |
| **CONSOLIDATED CITY OF INDIANAPOLIS;** | ) |
| **(including its Department of Business and Neighborhood Services),** | ) |
| **HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY** | ) |
| **MARK SIMION / TRADE MARK CUSTOM HOMES;** | ) |
| **JOHN DOES 1-3 (Indianapolis/Marion County Officials),** | ) |
| Defendants. | ) |

**Case No.: 1:25-cv-02031-SEB-KMB**

### SUPPLEMENTAL NOTICE TO DKT. 93
**(Renewed Motion for Preliminary Injunction Renewing Dkt. 58)**
**Re: Denial of Motion for Expedited Consideration (Dkt. 99)**

Plaintiff Philip S. Okey, pro se, respectfully submits this supplemental notice to Dkt. 93

following the Court's denial of Plaintiff's Motion for Expedited Consideration (Dkt. 99).

On March 19, 2026, the Court denied expedited review of Dkt. 93 because the March

20, 2026 compliance deadline in the related state case has been vacated and stayed until

April 21, 2026. While this temporary stay removes the immediate forced cleanup date, it

does not eliminate the underlying constitutional violations or the risk of irreparable harm.

The stay is temporary only. The April 21, 2026 state court hearing remains less than four weeks away, and state remedies continue to be slow and uncertain. In the meantime:

a. Defendant Simion's February 27–28 ditch and culvert work has already caused ongoing spoliation of critical evidence (GPR survey results) that Plaintiff needs to prove the original flooding and takings claims.

b. The $70,000 high interest bridge loan and resulting 51% ownership transfer remain permanent personal harms to Plaintiff. Because of the systematic destruction of the farm's business plans over the years, there is virtually no possibility that profits from any future farming enterprise can ever recoup this loss.

c. Plaintiff's remaining personal assets, customer equipment, generator, and inventory remain at risk of further arbitrary seizure or destruction.

Plaintiff therefore renews all requests in Dkt. 93, including a temporary restraining order or preliminary injunction, a preservation order to protect remaining evidence and assets, and expedited GPR discovery. Plaintiff respectfully requests that the Court now consider Dkt. 93 on an expedited basis once it rules on the pending motions regarding the Second Amended Complaint (Dkt. 88) and Defendants' Joint Motion to Require Counsel or Dismiss (Dkt. 97).

Respectfully submitted,



Philip S. Okey, pro se
6220 E. Southport Rd.
Indianapolis, IN 46237
317-719-6220 | psokey@gmail.com

25th of March, 2026

## Certificate of Service

I certify that on the , I served this **SUPPLEMENTAL NOTICE TO DKT. 93** on all

counsel of record via email and CM/ECF as follows:

Riley L. Floyd (Counsel for Defendant Mark Simion)
rfloyd@hooverhullturner.com
Michael Wehrwein
MWEHRWEIN@hhcorp.org
jahlbrand@HHCorp.org
DLAW@hhcorp.org
Rayman, Mathew
mathew.rayman2@indy.gov
cdelehanty@hooverhullturner.com

Philip S. Okey
25th of March, 2026